RECEIVED
USDC CLERK, CHARLESTON, SC

2007 SEP -6   P 1:21

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Bobby L. Stroman, #136104,                    ) C/A No. 2:07-2738-HMH-RSC
                                              )
                        Petitioner,           )
                                              )
vs.                                           ) Report and Recommendation
                                              )
Cecilia R. Reynolds, Warden of KCI,           )
                                              )
                        Respondent.           )
                                              )

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently confined at the Kershaw Correctional Institution, serving consecutive thirty-year sentences for kidnaping and first-degree criminal sexual conduct convictions entered by the General Sessions Court of Richland County, South Carolina in 1994. This is Petitioner's initial § 2254 Petition in this Court, and he raises three grounds for relief therein. Each ground is stated as "Lack of Jurisdiction of the General Sessions Court." Pet. 4-5. The first ground's supporting facts assert that there was improper grand jury delay, ground two claims that

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner was not given a speedy trial, and ground three also raises the lack of speedy trial in connection with the claim of lack of subject matter jurisdiction for the conviction and sentence.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d

Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

It is well settled that claims arising from state law are not cognizable ground for habeas corpus relief under 28 U.S.C. § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (" 'federal habeas corpus relief does not lie for errors of state law' . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")(citations omitted); *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960). Jurisdiction of the trial court in a state court criminal matter is a non-cognizable state law issue. *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998). Therefore, since the only grounds for relief stated in the Petition filed in this case are that the state court did not have proper "subject matter jurisdiction" to convict Petitioner, and since there are no grounds

3

raised that are based on federal law, this case should be summarily dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

September ___, 2007
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).