RECEIVED CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA    2008 MAR -4  A 11: 30

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Bobby L. Stroman, #136104, ) | C.A. No. 2:07-2738-HMH-RSC |
| Petitioner, ) | |
| -versus- ) | |
| Cecilia R. Reynolds, Warden ) of KCI, ) | |
| Respondent. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on January 22, 2008.  28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The Petitioner, Bobby L. Stroman, was indicted at the October 1993 term by the Richland County Grand Jury for kidnapping (93-GS-40-10653) (PCR App. 62-63), and criminal sexual conduct in the first degree ("CSC 1st") (93-GS-40-10654) (PCR App. 60-61).

Petitioner was represented at the trial level by Leslie Coggiola, Esquire.  From June 13 to 16, 1994, Petitioner was tried on the charges before the Honorable Costa M. Pleicones and a jury.  The jury convicted Petitioner on both charges and Judge

1

Pleicones sentenced Petitioner to consecutive terms of thirty (30) years each on the charges.

Petitioner filed a direct appeal. M. Anne Pearce, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his direct appeal. On May 22, 1995, Pearce filed a Final Brief of Appellant in the South Carolina Court of Appeals, in which raised the following issue:

> Whether appellant was entitled to a mistrial because he was denied access to a transcript of prosecution witnesses' prior testimony before they testified at the present trial, in violation of the Sixth and Fourteenth Amendments.

The State filed a Final Brief of Respondent on May 22, 1995. On November 30, 1995, the South Carolina Court of Appeals issued an opinion in which it affirmed the convictions and sentences. State v. Stroman, Unpub. Op. No. 75-UP-312 (S.C. Ct. App. 1995). (PCR App. 51). The Remittitur was sent down on December 18, 1995.

Petitioner next filed an Application for Post-Conviction Relief ("APCR") on December 18, 2002 (2002-CP-40-6091). In the APCR, Petitioner raised the following grounds for relief:

(1) Ineffective Assistance of Counsel;

(2) Due Process Violation;

(3) Fourth Amendment Violation.

(PCR App. 8). The State filed a Return and Motion to Dismiss dated December 22, 2003. (PCR App. 27). Petitioner filed a pro

se "Motion to Amend Post Conviction Relief Action", in which he raised the following issue:

> Applicant's trial counsel ineffective in not making a contemporaneously objection to trial court's abuse of discretion in not granting Applicant's motion for mistrial based on the sound fact that a sought after "transcript" from a previous mistrial of Applicant's case was a necessary factor in Applicant's defense at trial.

(PCR App. 16).

A hearing on the State's Motion to Dismiss Petitioner's APCR was held on July 28, 2004, before the Honorable Alison R. Lee at which Petitioner was present and represented by appointed counsel Tara Shurling, Esquire. (PCR App. 32). Following argument from both sides on the timeliness of Petitioner's APCR, Judge Lee took the matter under advisement, and on February 16, 2005, filed an Order in which she found the APCR barred by the state PCR statute of limitations and the doctrine of laches. (PCR App. 57).

Attorney Shurling timely filed a notice of appeal from Judge Lee's Order. Acting Deputy Chief Attorney Wanda H. Carter, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his PCR appeal. On August 30, 2005, Carter filed with the state supreme court a Petition for Writ of Certiorari, in which she raised the following issue:

> Did the PCR judge err in ruling that Petitioner's PCR action was untimely filed?

The State filed a Return to the Petition for Writ of Certiorari dated June 12, 2006. The case was transferred to the South

Carolina Court of Appeals by Order dated February 15, 2006. The court of appeals denied the petition for writ of certiorari by Order dated April 11, 2007, and the Remittitur was sent down on May 2, 2007.

The following documents have been made part of the record here:

   1. The Appendix to the Petition for Writ of Certiorari including Trial Transcript; Application for Post Conviction Relief; Return; Post-Conviction Relief; Post-Conviction Relief Hearing Transcript; Plaintiffs Exhibit 1; Plaintiffs Exhibit 2; Plaintiff's Exhibit 3; Plaintiff's Exhibit 4; Plaintiffs Exhibit 5; Plaintiffs Exhibit 6; Plaintiffs Exhibit 7; Order of Dismissal; Indictment);

   2. Sentencing Sheets;

   3. Final Brief of Appellant;

   4. Final Brief of Respondent;

   5. Order transferring case from the South Carolina Supreme Court to the South Carolina Court of Appeals;

   6. December 18, 1995 Remittitur letter;

   7. March 11, 2005, Notice of Appeal;

   8. Petition for Writ of Certiorari;

   9. Return to Petition for Writ of Certiorari;

   10. April 11, 2007, South Carolina Court of Appeals Order (denying Petition for Writ of Certiorari;

   11. May 2, 2007, Remittitur.

**HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254:

> **A. Ground One:** Lack of jurisdiction of the General Sessions Court.
>
> On December 24, 1992, the Magistrate Judge signed Arrest Warrant #s D-626728 and D-626729. The Grand Jury convened on October 20, 1993, going well over the 90 days given.
>
> **B. Ground Two:** Lack of Jurisdiction of the General Sessions Court.
>
> A speedy trial motion was filed but the State failed to grant motion within the 180 days given.
>
> **C. Ground Three:** Lack of the General Sessions Court.
>
> State violated General Sessions Order by failing to dispose of the criminal case within 180 days. No written extension was made for time enlargement.

The petitioner was provided a copy of the respondents' summary judgment motion on January 24, 2008, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion. Hence it appears consideration of the summary judgment motion is appropriate.

5

## **APPLICABLE LAW**

### STATUTE OF LIMITATIONS

The present habeas corpus petition was filed on September 24, 2007. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2).

## **DISCUSSION**

A review of the record and relevant case law reveals that the petitioner is not entitled to relief. The respondents argued that the petition must be dismissed as untimely, and it appears that the respondents are correct.

Petitioner's conviction was finalized by the conclusion of direct review on February 28, 1996, or ninety (90) days after November 30, 1995, the date the South Carolina Court of Appeals issued the decision affirming Petitioner's convictions. See,

e.g., Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S.Sup.Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Since Petitioner's conviction became final prior to the enactment of the AEDPA on April 24, 1996, he had until April 24, 1997, to file a federal habeas corpus petition, unless the period was tolled by the proper filing of a state PCR application. See, e.g., Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Harris, supra; Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Petitioner did not file either a Petition for a Writ of Habeas Corpus here or a PCR application in state court during that year before the April 24, 1997, deadline. Petitioner did not file his PCR application until December 18, 2002, at which time two thousand four hundred and twenty nine (2429) days of non-tolled time had expired since the period of limitations began on April 24, 1996. Indeed, Petitioner waited over eleven (11) years to bring this petition. Therefore, the present Petition for Writ of Habeas Corpus is time-barred under the AEDPA and should be dismissed on that basis.

## CONCLUSION

Accordingly, for the aforementioned reasons it is recommended that the respondents' motion for summary judgment be

granted, all other motions be denied as moot, and this matter ended.

                                        Respectfully Submitted,

                                        Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina

March 4, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).