IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bobby L. Stroman, #136104, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 2:07-2738-HMH-RSC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia R. Reynolds, Warden of KCI, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] Bobby L. Stroman ("Stroman") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 (2006). Magistrate Judge Carr recommends granting the Respondent's motion for summary judgment on the basis that Stroman's petition is time-barred. For the reasons set forth below, the court adopts the Magistrate Judge's Report and grants the Respondent's motion for summary judgment.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

## I. Factual and Procedural Background

Stroman was found guilty after a jury trial held from June 13 to 16, 1994, of kidnaping and first degree criminal sexual conduct. Stroman was sentenced to consecutive terms of thirty years on each charge. Stroman appealed his conviction, which was affirmed on November 30, 1995, by the South Carolina Court of Appeals. (PCR App. 51.) Stroman filed an application for post-conviction relief ("PCR") on December 18, 2002. (Id. 8.) On February 16, 2005, the South Carolina Court of Common Pleas dismissed the PCR action as barred by the statute of limitation and the doctrine of laches. (Id. 57.) Stroman appealed the court's dismissal of his PCR, and on April 11, 2007, the South Carolina Court of Appeals denied his petition for writ of certiorari. The Remittitur was sent down on May 2, 2007. On August 6, 2007, Stroman filed the instant petition pursuant to § 2254.[2]

## II. Report and Recommendation

The Magistrate Judge recommends granting the Respondent's motion for summary judgment because Stroman's claim is barred by the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

## III. Discussion of the Law

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

---

[2]Houston v. Lack, 487 U.S. 266 (1988).

2

Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Stroman filed objections to the Report and Recommendation. After review, however, the court finds that many of Stroman's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Stroman argues that his petition is not time-barred because Wanda H. Carter ("Carter"), a deputy chief attorney with South Carolina Commission on Indigent Defense, informed Stroman in a letter dated April 12, 2007, that he had "one year from the date of the [April 11, 2007] order to file a federal habeas corpus application." (Objections Ex. 2 (April 12, 2007, Letter).)

The AEDPA provides a one-year statute of limitations in which to file a federal habeas corpus petition. See 28 U.S.C. § 2244(d) (2006). Stroman's conviction became final before the AEDPA's effective date of April 24, 1996. Therefore, his time for filing a § 2254 habeas petition expired on April 24, 1997. See Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003) ("For prisoners . . . whose convictions became final before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions.").

Despite clearly filing after this deadline, Stroman submits that he believed that he had a year from April 11, 2007, to file his petition relying on Carter's April 12, 2007, letter indicating that Stroman had "one year from the date of the order to file a federal habeas corpus application." (Objections Ex. 2 (April 12, 2007, Letter).) In essence, Stroman is arguing that the statute of limitation should be equitably tolled. (Id. 3.) "Equitable tolling is appropriate

3

when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Rouse, 339 F.3d at 246 (internal quotation marks omitted).

"[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Stroman did not file a § 2254 petition prior to the April 24, 1997, deadline. In fact, Stroman did not file a PCR application until December 18, 2002, which was dismissed as time-barred. Stroman waited over eleven years to file the instant petition. (PCR App. 8.) Moreover, the statute of limitations expired almost ten years before Stroman received the April 12, 2007, letter from Carter stating that he had one year to file his federal habeas petition. The April 12, 2007, letter had no impact on Stroman's ability to file a § 2254 petition prior to April 24, 1997. Based on the foregoing, Stroman makes no allegations of "extraordinary circumstances beyond [his] control" which, if true, would have prevented him from filing a federal claim within the time limits of the AEDPA. Rouse, 339 F.3d at 246 (internal quotation marks omitted). Therefore, "it is indisputably clear . . . that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Therefore, it is

**ORDERED** that the Respondent's motion for summary judgment, docket number 30, is granted. It is further

**ORDERED** that all other motions are denied as moot.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
March 18, 2008

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.